### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### MEMPHIS DIVISION

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>vs.<br><br>INTELIUS, LLC,<br><br>Defendant. | Civil Action No.: 2 :25-cv-02523<br><br><br>**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM, OR, IN THE ALTERNATIVE, FOR A LIMITED PROTECTIVE ORDER** |

The Plaintiff respectfully moves this Court for leave to proceed with the prosecution of her claims under a pseudonym. In the alternative, the Plaintiff respectfully moves this Court for entry of a protective order which would require that any reference to the Plaintiff's identity, or identifying information, be filed under seal.

### I.    INTRODUCTION

This case is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., which protects consumers from exposure of private or inaccurate facts. The FCRA acknowledges the importance of confidentiality in its description of the purpose of the Act:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the ***confidentiality, accuracy, relevancy, and proper utilization of such information*** in accordance with the requirements of this subchapter.

15 U.S.C. § 1681(b) (emphasis supplied).

The FCRA itself provides that "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). To protect consumers as fully as possible from

unwarranted disclosures, the FCRA provides for statutory penalties, as well as recovery of compensatory damages and punitive damages and attorney-fee-shifting provisions.

## II.   **FACTUAL BACKGROUND**

In April 2024, Plaintiff applied for a full-time accounting position with Thermal Economy. The position paid $65,000 a year and included competitive benefits such as quarterly bonuses, health insurance, dental coverage, retirement and 401K benefits, profit sharing, and paid time off. Plaintiff successfully completed two interviews with Thermal Economy and was offered the accounting position on April 30, 2024. Plaintiff's tentative start date was May 13, 2024; however, the position was contingent on passing a drug test and background check. On or about May 8, 2024, Plaintiff successfully passed the drug test. Plaintiff did not anticipate any issues with her background check.

On or about May 8, 2024, Thermal Economy ordered Plaintiff's background check from Non-Party HireRight. On or around May 15, 2024, Thermal Economy also obtained Plaintiff's background check from Defendant Intelius ("Defendant"), whom Thermal Economy contracts with to conduct background checks, including criminal background checks, on its prospective employees.

On or about May 15, 2024, in accordance with its standard procedures, Defendant completed its consumer report about Plaintiff and sold the same to Thermal Economy. Within that consumer report, Defendant reported: (1) an *expunged* criminal record from Shelby County Tennessee; and (2) criminal records from Missouri and Louisiana that do not belong to Plaintiff. The *expunged* criminal record, and the criminal records from Missouri and Louisiana not belonging to Plaintiff, should not have been included in Plaintiff's employment purposed

consumer report.  Further, Defendant reported the same *expunged* criminal record multiple times making it appear as though Plaintiff had multiple convictions.

A cursory review of the widely available public court records confirms that the criminal record reported by Defendant was expunged on January 24, 2024, and no longer available. The sole reason the *expunged* criminal record as well as the criminal records that do not belong to Plaintiff were included in the employment purposed consumer report was that Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it published within the consumer report it sold about Plaintiff to Plaintiff's prospective employer in violation of 15 U.S.C. § 1681e(b). Had Defendant followed reasonable procedures, it would have discovered that the criminal record was *expunged* and should not have been reported. Further, had Defendant followed reasonable procedures, it would have discovered that the criminal records from Missouri and Louisiana do not belong to Plaintiff.

On or about May 16, 2024, Plaintiff received a letter from Thermal Economy rescinding her job offer due to Defendant's consumer report. Plaintiff was shocked as the only criminal record she had was expunged and should not have been reported. Plaintiff was also confused because to her knowledge the HireRight report had not been completed yet. Plaintiff contacted Thermal Economy concerning her job offer being rescinded and requested a copy of Defendant's report. After reviewing the consumer report Plaintiff contacted Thermal Economy and informed them that the record from Shelby County, Tennessee was *expunged* and should not have been included in the report in the first place. Plaintiff also explained that the report was inaccurate because it listed criminal records from Missouri and Louisiana that did not belong to her.

On or about May 17, 2024, Plaintiff obtained her HireRight consumer report.  Non-Party HireRight did not report any criminal records belonging to Plaintiff. Plaintiff followed up with

Thermal Economy in hopes that she would still be hired, however, Thermal Economy did not reconsider its employment denial. Plaintiff reasonably believes that due to Defendant's inaccurate reporting in the first instance, Thermal Economy formed a negative opinion about Plaintiff and/or moved on to other candidates. Defendant's false report cost Plaintiff a promising, well-paying job with Thermal Economy and as a result Plaintiff was unemployed for approximately 3 months.

As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment, wages, and benefits; loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advancements in the future; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

## III.    LEGAL STANDARD

As a rule, actions must be prosecuted in the name of the real party in interest, Fed. R. Civ. P. 17(a)(1), and a complaint must state the names of the parties. Fed. R. Civ. P. 10(a). "Plaintiffs are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule." *Doe v. Metro. Gov't of Nashville,* 694 F. Supp. 3d 1040, 1043-1044 (M.D. Tenn. 2023); (*citing Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005)) (referring to Fed. R. Civ. P. 10(a)). "Whether to allow a party to proceed under a pseudonym is within the sound discretion of the court but should be permitted only if the privacy interests of the party seeking anonymity substantially outweigh the strong presumption in favor of open judicial proceedings." *Doe*, 694 F. Supp. 3d at 1043; *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

"This determination is informed by several, non-exclusive considerations, including: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information 'of the utmost intimacy';

4

(3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby
risking criminal prosecution; and (4) whether the plaintiff is a child." *Doe*, 694 F. Supp. 3d at
1043-1044; *See Doe,* 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).
"Other factors that may be considered include whether the plaintiff would risk suffering injury if
identified and whether the defendant would be prejudiced by the plaintiff's proceeding
anonymously." *Doe*, 694 F. Supp. 3d at 1044; citing *Doe v. Fedex Ground Package Sys. Inc.*, Case
No. 3:21-cv-00395, 2021 U.S. Dist. LEXIS 209324, 2021 WL 5041286, at *5 (M.D. Tenn. Oct.
29, 2021) (internal citations omitted).

## IV.   ARGUMENT

### A. Allowing Plaintiff to Proceed by Pseudonym is Appropriate and Necessary to Protect Plaintiff's Privacy and Future Employment.

To litigate the Plaintiff's claims against the Defendant, the parties will necessarily have to
present evidence as to the Plaintiff. Without using a pseudonym, Plaintiff's name and her expunged
criminal record will become public and she will be stripped of the protections which TN Code §
40-32-101 and the FCRA afford her. That is, without the use of a pseudonym, Plaintiff will not be
permitted to avail herself of her FCRA remedies without visiting upon herself the same harm
(although in a greater degree) from which the FCRA and TN Code § 40-32-101 provide protection.
Thus, unless Plaintiff is permitted to proceed in pseudonym, she will be prevented from vindicating
her rights.

By design, the information inaccurately reported about Plaintiff is not a matter of public
record. TN Code § 40-32-101 makes it so that an individual whose arrest records are expunged are
deemed to not have been previously arrested for all purposes of the law. Upon the sealing of
Plaintiff's criminal record, only a judge in the Tennessee State Court System should be able to
access those records. Thus, TN Code § 40-32-101 effectively erases all public record of an

individual's criminal history. As such, Plaintiff has an interest in protecting her sensitive and stigmatizing criminal record from being made available to the public with her name attached to the proceedings.

Therefore, pseudonymous litigation is both appropriate and necessary to protect the Plaintiff's privacy and future employment prospects.

B. **The Defendant will not be Prejudiced by an Anonymous Caption as the Plaintiff will Disclose her Identity to the Defendant.**

The Defendant will not be prejudiced by the Plaintiff proceeding under a pseudonym as the Plaintiff fully intends to disclose her identity to the Defendant so that the Defendant can locate the Plaintiff's file and consumer reports. As such, the Defendant will be able to fully and fairly litigate this case irrespective of whether the Plaintiff's name is publicly disclosed in the caption.

Further, the Plaintiff's name being in the caption is irrelevant to the core legal questions to be litigated in this case, all of which revolve around the Defendant's policy and procedures concerning the storage, publication, and dissemination of criminal record data that has been set aside, sealed or expunged. Defendant can readily address the legal and factual issues raised without reference to Plaintiff's specific identity in the public record. As such, this too weighs in favor of allowing Plaintiff to proceed under a pseudonym.

C. **The Public's Interest in Open Judicial Proceedings is Outweighed by the Public's Interest in Allowing Litigants to Vindicate their rights.**

There is nothing about the Plaintiff's identity or status which elevates the public interest in this case. On the other hand, the harm to Plaintiff in having her identity revealed is certain and severe. It includes not only social stigma, but also an impairment of her employment possibilities.

Absent anonymity, in order to pursue her FCRA claim and be made whole thereunder, Plaintiff

would be required "to disclose information of the utmost intimacy", *See Doe*, 370 F.3d at 560,

creating a public record wherein uninterested parties would have access to a criminal record that

has been set aside and wiped from public consciousness by operation of Tennessee law.

In other words, without leave to proceed under pseudonym, Plaintiff will be forced to

choose between (1) maintaining statutory protections granted under TN Code § 40-32-101, or (2)

prosecuting the statutory protections provided by the FCRA. Plaintiff therefore asserts that she has

"a substantial privacy right which outweighs the customary constitutionally embedded

presumption of openness in judicial proceedings." *Doe v. Wolowitz,* 2002 U.S. Dist. LEXIS 10431,

*3 (E.D. Mich. 2022). Thus, the usual public interest in open judicial proceedings is tempered by

the public's conflicting interest in allowing litigants to vindicate their rights under federal law (in

this case, the FCRA) without visiting upon themselves the same injury for which they are suing.

### V.    IF PLAINTIFF IS NOT PERMITTED TO PROCEED BY PSEUDONYM, PLAINTIFF REQUESTS THAT THE COURT ENTER A PROTECTIVE ORDER.

Alternatively, the Plaintiff requests that the Court enter a protective order. Fed. R. Civ. P.

26(c) provides, in relevant part, that "for good cause shown, the court in which the action is

pending . . . may make any order which justice requires to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or expense." Pursuant to this authority,

the Plaintiff seeks an order protecting her privacy and confidentiality throughout the proceedings

and to avoid disclosure of her identity to avoid making her expunged and sealed record public.

Specifically, if Plaintiff's true identity must be revealed in these proceedings, the Plaintiff requests

this Court enter a protective order which would require any reference to her true identity or identifying information to be filed under seal.

## V.    CONCLUSION

Based on the foregoing, the Plaintiff respectfully moves this Court for leave to proceed with the prosecution of her claims under pseudonym. In the alternative, the Plaintiff respectfully moves the Court for entry of a protective order which would require that any reference to the Plaintiff's identity, or identifying information, be filed under seal.

## VI.    CERTIFICATION OF COUNSEL

The undersigned was unable to confer with opposing counsel prior to filing this Motion as Plaintiff is filing this Motion in conjunction with her Complaint.

Dated: May 16, 2025,                     */s/ Tarek N. Chami*
                                          Tarek N. Chami, MI Bar #P76407
                                          **CONSUMER JUSTICE LAW FIRM PLC**
                                          835 Mason St, Suite C349
                                          Dearborn, MI 48124
                                          T: (313) 447-0488
                                          E: tchami@consumejustice.com

                                          *Counsel for Plaintiff Jane Doe*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Notice of such filing will be sent to all attorneys of record in this matter. Since the attorney of record has not appeared in this case, hard copies of the foregoing will be sent to the Defendant at their service address:

Intelius, LLC

c/o CT Corporation System

330 North Brand Boulevard,

Glendale, California 91203

*/s/ Tarek N. Chami*