# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

JANE DOE,

    Plaintiff,

v.                                                          Case No. 2:25-cv-02523-MSN-cgc
                                                          JURY DEMAND

INTELIUS, LLC,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM

Before the Court is Plaintiff's Motion for Leave to Proceed Under a Pseudonym, or in the Alternative, for a Protective Order (ECF No. 2). Plaintiff brings this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., alleging that Defendant improperly reported expunged and inaccurate criminal history information to her prospective employer, resulting in the recission of a job offer.

Plaintiff seeks to proceed under the pseudonym "Jane Doe" to avoid associating her name in the public record with expunged or erroneous criminal charges. Defendant has filed a response indicating that it disputes Plaintiff's factual and legal assertions but does not oppose the request to proceed under a pseudonym. (ECF No. 16.)

Federal Rule of Civil Procedure 10(a) provides that "[t]he title of the complaint must name all the parties." However, courts may permit a plaintiff to proceed under a pseudonym when the plaintiff's privacy interest substantially outweighs the presumption in favor of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Relevant considerations include:

> (1) Whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy;" (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id*.

Here, the second factor strongly favors pseudonym status. Plaintiff alleges that the subject matter of this case involves the disclosure of expunged or inaccurate criminal record information, and that public association with those allegations involving such issues justifies anonymity at the pleading stage. Courts have recognized that claims of this nature may justify anonymity at the pleading stage. *Doe v. Inflection Risk Sols., LLC*, No. 2:25-cv-11130, 2025 U.S. Dist. LEXIS 95975, at *2 (E.D. Mich. May 20, 2025); *Doe #11 v. Lee*, 2023 WL 1929996, at *7 (M.D. Tenn. Feb. 10, 2023) ("Especially in a case like this—in which Plaintiff seeks to remedy the improper publication of his expunged convictions—forcing him to proceed without a pseudonym could 'permanently undermine[] the relief [he] sought because no other public record of [his] convictions existed due to the expungements.'").

The Court is also mindful of the public's interest in transparent judicial proceedings. That interest is substantial and not lightly disregarded. However, Plaintiff has agreed to disclose her identity to Defendant for the purpose of discovery, and there is no indication that proceeding under a pseudonym will prejudice Defendant or hinder the administration of this case. At this early stage, the Court finds that any limited impact on public access is outweighed by Plaintiff's interest in avoiding unnecessary disclosure of sensitive personal information.

The Court emphasizes that it makes no finding at this time regarding the truth of Plaintiff's allegations or the applicability of any legal protections. This ruling is limited to the preliminary

procedural question of whether Plaintiff may proceed under a pseudonym at this stage of the litigation.

Accordingly, Plaintiff's Motion (ECF No. 2) is hereby **GRANTED**.

**IT IS SO ORDERED**, this 31st day of July 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE